# Morris v. Commonwealth.

(Decided April 27, 1926.)

## Appeal from Boyd Circuit Court.

1. Intoxicating Liquors.—Conviction for unlawfully possessing whiskey held not flagrantly against weight of evidence.

2. Intoxicating Liquors—In Prosecution for Unlawfully Possessing Whiskey, Instruction Held to Cover Whole Law of Case.—In prosecution for unlawfully possessing whiskey, instruction that, if jury believed beyond reasonable doubt that accused, within year before indictment, unlawfully possessed whiskey, they should find him guilty, and further stating that law presumes accused innocent until proven guilty, and directing acquittal if jury have reasonable doubt of guilt from evidence, held to cover whole law of case.

3. Intoxicating Liquors—In Prosecution for Unlawfully Possessing Whiskey, Refusal to Direct Verdict Held Proper Under Evidence. —In prosecution for unlawfully possessing whiskey, where there

was clear and convincing testimony that accused carried whiskey
to certain saloon and delivered it to owner of saloon in presence
of witness, refusal to direct verdict for accused held proper.

JOHN W. McKENZIE for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F.
CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant, Morris, complains of a judgment of conviction imposing a fine of $100.00 and thirty days in jail for unlawfully possessing whiskey. As grounds for a reversal of the judgment appellant insists (a) that the verdict is flagrantly against the law and evidence; (b) the court failed to instruct the jury as to the whole law of the case, and (c) the court erroneously refused to peremptorily instruct the jury to find appellant not guilty.

The witness for the Commonwealth testified that in January, 1925, in Ashland, about 11.30 o'clock one morning, in Cleve Schultz's saloon, appellant delivered to Schultz a jug of moonshine whiskey. In making the delivery appellant drove a Maxwell coupe up a rear alley to the back of the saloon, and that Schultz was expecting a delivery of whiskey and had told the witness that he was then out of whiskey but was expecting a delivery; that when the jug of liquor was delivered by appellant to Schultz at the rear door of the saloon Schultz immediately poured the liquor into bottles and sold one bottle to the witness, who testified that he tasted it and that it was intoxicating whiskey.

Appellant, Morris, took the stand in his own behalf and testified that he never saw the prosecuting witness at the time and place mentioned and that he did not deliver any whiskey to Schultz at that time or at any other time; that he never saw the witness until long after the alleged delivery of whiskey. Appellant however, admitted that he had been running a moonshine still and selling whiskey but said he had been fined $500.00 and served sixty days for that offense. Clearly the verdict was not flagrantly or palpably against the weight of the evidence, but the jury was within its rights when it concluded from the evidence that appellant was guilty.

Appellant's second complaint that the court failed to instruct the jury as to the whole law of the case, is

equally without merit. The court instructed the jury that if it believed from the evidence beyond a reasonable doubt that appellant, Morris, in Boyd county and within one year before the finding of the indictment, unlawfully had in his possession spirituous liquor, to-wit, whiskey, to find him guilty as charged in the indictment and fix his punishment at a fine and imprisonment. The court further said to the jury that the law presumes the defendant innocent until he is proven guilty, and further directed the jury that if it had a reasonable doubt from the evidence that the defendant had been proven guilty, to find him not guilty. That was the whole law of the case.

Answering his third and last complaint that the court erred in failing to direct a verdict in appellant's favor, it will be sufficient to say that the evidence for the Commonwealth to the effect that appellant carried the whiskey to the Schultz saloon and delivered it to Schultz in the presence of the witness, was quite clear and convincing, and it would have been gross error on the part of the court to have sustained a motion for a directed verdict for appellant.

Finding no error warranting a reversal of the judgment, it is affirmed.

Judgment affirmed.